## No. 14,710.

WATTS ET AL. SCHOOL DIRECTORS *v*. PEOPLE OF SCHOOL
DISTRICT NO. 47, EL PASO COUNTY.
(99 P. [2d] 925)

Decided February 13, 1940.

Mr. WILLIAM A. BAKER, Mr. J. HARTLEY MURRAY, Mr.
BEN .S. WENDELKEN, for plaintiffs in error.

Mr. FRANK J. BAKER, for defendant in error.

*In Department.*

MR. JUSTICE KNOUS delivered the opinion of the court.

THE school directors of district number 47, El Paso county, plaintiffs in error, to whom we shall hereinafter refer as the board, seek a review of a judgment of the district court of that county making peremptory "an amended alias alternative writ of mandamus" theretofore issued upon the application of defendants in error, whom we shall call petitioners, requiring said board to call and give notice of a special meeting of the electors of the district for the purpose of voting upon the question of a consolidation with adjoining district number 29. Both are school districts of the third class.

In seeking this referendum on the question of consolidation the defendants in error allegedly proceeded under the provisions of chapter 150, S. L. 1939, amending section 68, chapter 146, '35 C. S. A. The amendment appears in 1939 Cumulative Supplement to '35 C. S. A. under the same section and chapter designation.

As appears from the affirmative allegations of the amended alternative writ, the petition addressed to the board requesting the submission of the question to the electors, *was signed only by electors of district number 47.* The board contended below and maintains here, that to require the requested action, the petition, under the statute, must not only be signed by one-fifth of the qualified electors of district number 47, but *as well must be signed by the same percentage of the qualified electors of district number 29.* On this premise counsel for the board argue that, since the original electors' petition was thus defective, the alternative writ grounded thereon was wholly insufficient to warrant the extraordinary relief sought, as a consequence of which the court erred in overruling the general demurrer so premised. We are of the opinion that in so deciding the trial court was wrong.

 Although by constantly recurring piecemeal legislative amendment since its original appearance as section 2, chapter 204 S. L. 1909, the section of the statutes under consideration has, in some particulars, developed a certain degree of ambiguity and even repugnancy in its provisions, nevertheless, its plain phraseology requires a "petition * * * of qualified electors of *each of such school districts*" involved in the proposed consolidation, as a condition precedent to compelling submission of the question by the boards of the respective districts. The logic of such requirement is apparent. There would seem to be no reason for the directors of a district to submit to its electors the question of consolidation with an adjoining district unless the latter also was considering the same proposal. The statute evidently contemplates that the common petition would so indicate and thus warrant consideration. Other provisions of the section also suggest the necessity for coordinate and approximately contemporary action by the boards of the districts concerned. Apparently the petitioners are in accord with such a construction, but believe that an allegation in the amended alternative writ, that "the board of directors of said school district number 29 within the last thirty days, has by more than one-fifth of its qualified electors as petitioners called an election and submitted the question of consolidation of said districts and have voted overwhelmingly for consolidation," avoids the necessity for electors in that district joining in the petition requesting submission in district number 47. Their belief in that respect is erroneous. The statute neither contemplates nor provides for such an alternative method of required action by the affected districts and there can be no dispensation of compliance with its mandatory requirements with respect to the number and identity of the petitioners by the procedure here attempted. While thus insufficient to command action by the board, the circumstances alleged may indicate facility in securing and presenting a new

and proper petition. In view of this possibility we deem it advisable to mention another question which has arisen in the controversy and seemingly bound to recur in such event.

It is our opinion, and such was the view of the trial court, that where a proper petition is filed, the question of consolidation must be submitted to an electors' meeting within thirty days thereafter, and such prior notices of the meeting as may be required by law must be posted in time to permit the meeting to be held before the expiration of thirty days after the petition is filed.

The judgment is reversed and the cause remanded with directions to the trial court to sustain the general demurrer of plaintiffs in error to the amended alternative writ.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE OTTO BOCK concur.